**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

NADINE V. TOWNSEND,

                            Plaintiff,

            - v -                             Civ. No. 1:13-CV-1597
                                                    (MAD/RFT)

LIBERTY MUTUAL FIRE INS. CO.; LIBERTY
MUTUAL INS.; DR. GAYLE GLIDEWELL;
TEXAS WORKERS COMPENSATION COMMISSION,

                            Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

NADINE V. TOWNSEND
Plaintiff, *Pro Se*
911 Central Avenue, #329
Albany, New York 12206

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a filing provided to the Court by *pro se* Plaintiff

Nadine Townsend. Dkt. No. 1. Plaintiff has also filed a Motion for Leave to Proceed *In Forma*

*Pauperis* ("IFP") and a Motion to Appoint Counsel. Dkt. Nos. 2, IFP App., & 3, Mot. to Appt. Cnsl.

### I. DISCUSSION

#### A. *In Forma Pauperis* Application

Turning first to Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, after

reviewing the entire file, the Court finds that Plaintiff meets the requirement for economic need and

thus may properly proceed with this matter *in forma pauperis*.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to

proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that

. . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may

be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly

maintain her complaint before permitting her to proceed with her action.

## B. Plaintiff's Filing

Plaintiff initiated this civil action in this Court on December 31, 2013, by filing a document

entitled "Declaration or Affidavit in Support of Motion for Partial Summary Judgment against

Liberty Mutual." Dkt. No. 1. Plaintiff's hand-written submission is very difficult to decipher and

the Court is confounded as to why this case was brought before this Court. In reviewing the papers,

the Court noticed that the caption of many of the submitted documents bear a civil case number for

an action in the United States District Court for the Northern District of Texas. As best as can be

surmised, it appears to this Court that Ms. Townsend is asking this Court to enter partial summary

judgment in a case previously litigated in the Northern District of Texas.

Because the documents submitted to this Court appeared to be duplicates of documents

submitted to the Northern District of Texas Court, this Court reviewed the Northern District of

Texas public records. That exploration unearthed that on or about November 15, 1999, Plaintiff

initiated a civil action against Liberty Mutual Fire Insurance Company, the Texas Workers

Compensation Commission (a/k/a TWCC), and Dr. Gayle Glidewell in the United States District

Court for the Northern District of California, which was subsequently transferred to the Northern

District of Texas. *See Townsend v. Liberty Mutual Fire Ins. Co., et al.*, Civ. No. 3:00-CV-287 (N.D.

Tex.). Initially, that case was closed in May 2000 when Plaintiff failed to prosecute the case after

being directed to provide proper paperwork regarding her application to proceed *in forma pauperis*.

Two years later, Plaintiff sought to re-open that action by filing paperwork, but because of the

inordinate delay and lack of sufficient justification, the request to re-open was denied.  Instead,

Townsend's papers were filed as a new action in that Court.  *See Townsend v. Liberty Mutual Fire*

*Ins. Co., et al.*, Civ. No. 3:02-CV-1169 (N.D. Tex.).  But, in 2003, that case was similarly closed due

to Plaintiff's failure to file proof of service on the defendants.

This Court cannot fathom any circumstance by which it has the authority to enter summary

judgment in an action that is not pending in this Court.  To the extent that Plaintiff sought to initiate

a new action in this District, her filing is woefully deficient.  Pursuant to Federal Rule of Civil

Procedure 3, a civil action is commenced by the filing of a complaint.  FED. R. CIV. P. 3.  According

to Rule 8, a pleading, such as a complaint, must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the
> court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to
> relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or
> different types f relief.

FED. R. CIV. P. 8(a).

Plaintiff's filing meets none of the above criteria.  In fact, Plaintiff's filings repeatedly reference the

prior actions in the Northern District of Texas and similarly bear those civil case captions.

Pointedly, and fatal to Plaintiff's claims, no where in Plaintiff's filing does she state the jurisdiction

of this Court to entertain her request for relief.  It is well settled that a federal court, whether trial

or appellate, is obligated to notice on its own motion the basis for its own jurisdiction.  *City of*

*Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512  (1973); *see also Alliance of Am. Ins. v. Cuomo*,

854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED.

R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*).  When subject matter

jurisdiction is lacking, dismissal is mandatory.  *United States v. Griffin*, 303 U.S. 226, 229 (1938);

FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction,

the court must dismiss the action.").

The Court further notes that whatever the nature of the claims Plaintiff is attempting to assert

against the Defendants, such claims appear to be stale in that the events giving rise to Plaintiff's

allegations appear to have occurred in 1999.  Without knowing the precise theory of recovery, the

Court cannot assess whether an applicable statute of limitations has run, but it would not be going

out on a limb to assume that, absent some theory of tolling, she is likely foreclosed from bringing

this as a new action.

And, while the Court does not have the benefit of all the necessary allegations of fact to

assess the proper venue of this action, it can be inferred from the papers provided that this action has

no nexus to this District, other than the fact that the Plaintiff apparently now resides here.[1]

Because this Court patently lacks the authority to enter summary judgment against a party

in another action not currently before the Court, and because Plaintiff's deficient filing cannot be

construed as instituting a new civil action, not to mention the fact that the complained of acts

_____

[1] Venue in civil actions in federal courts is governed by 28 U.S.C. § 1391(b), which provides that:
A civil action may be brought in –
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial party of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff's current residence, wherever it may be, is not relevant for purposes of the venue statute.  *See Rose v. Myers*, 2013 WL 6073627, at *1 (D. Conn. Nov. 18, 2013) (finding that venue was improper in Connecticut where plaintiff was a Connecticut resident, but none of the defendants resided in Connecticut, and the facts which formed the basis of plaintiff's complaint occurred in New Jersey).

occurred in 1999 and none of the named Defendants nor events appear to have any nexus to this District, we recommend that Plaintiff's action be dismissed.

In light of her *pro se* status, we would normally recommend that Plaintiff be provided an opportunity to amend her pleading to conform to the Federal Rules of Civil Procedure. However, as the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that denial of leave to amend not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied"). As evidenced by the discussion above regarding the relationship of Plaintiff's claims to her action in Texas, the lapse of time between the complained of events and the filing of this action, and the likely improper venue,[2] the Court finds that an allowance for amendment would

---

[2] When a case is filed in a district in which venue is improper, the court shall dismiss the case, or "if it be in the interests of justice, transfer the case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). The decision to dismiss or transfer is discretionary. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). The Second Circuit has cautioned that a court should not dismiss for improper venue on its own motion "except in extraordinary circumstances." *Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992). Extraordinary circumstances may exist when the plaintiff is a vexatious litigant. *Id.* Because the Court did not have enough information to *sua sponte* assess whether venue was proper in this district, we do not recommend dismissal nor transfer of the case based on improper venue. It is worth noting, however, that in light of the fact that Ms. Townsend filed ten actions in this Court on a single date, most of which are dismissed or have recommendations of dismissals pending, it is likely that extraordinary circumstances would have been found to recommend dismissal.

prove futile.

## C. Motion for Appointment of Counsel

As noted above, Plaintiff also asks the Court to appoint counsel on her behalf in this matter.

Dkt. No. 3. "A party has no constitutionally guaranteed right to the assistance of counsel in a civil

case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011)

(citations omitted). It is well-settled that courts cannot use a bright-line test in determining whether

counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390,

392-93 (2d Cir. 1997). As the Second Circuit stated in *Hodge v. Police Officers*, 802 F.2d 58 (2d

Cir. 1986), the court "should first determine whether the indigent's position seems likely to be of

substance." 802 F.2d at 61. If the claim satisfies that threshold requirement, a number of factors

must be carefully considered by the court in ruling upon such a motion. Among these factors are:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence
> implicating the need for cross-examination will be the major proof presented to the
> fact finder, the indigent's ability to present the case, the complexity of the legal
> issues and any special reason in that case why appointment of counsel would be
> more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police
Officers*, 802 F.2d at 61-62).

This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather,

each case must be decided on its own facts. *Velasquez v. O'Keefe,* 899 F. Supp. 972, 974 (N.D.N.Y.

1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

This Court finds that Plaintiff has failed to state cognizable claim . Therefore, appointment

of counsel would not be warranted.

## D. Filing Injunction

The Court would be remiss if we did not deal with the fact that on December 31, 2013,

Plaintiff filed eleven civil actions with the Court, all of which have either been dismissed or have

recommendations of dismissals pending.[3]

Courts have an inherent "power to act against vexatious litigation[.]" *In re Martin-Trigona*,

737 F.2d 1254, 1262 (2d Cir. 1984) (quoting *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d

Cir. 1981)). Under such circumstances, "the traditional standards for injunctive relief, *i.e.*

irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction

---

[3] On December 31, 2013, Townsend filed the following actions, many of which have been dismissed or have recommendations of dismissals pending:

1) *Townsend v. Liberty Mutual Fire Ins. Co., et al.*, 1:13-CV-1597 (MAD/RFT) (current action);
2) *Townsend v. Whitney M. Young Jr. Health Center, Inc. et al*, 1:13-CV-1598 (LEK/CFH) (closed on May 5, 2014 – dismissed for failure to submit an amended complaint);
3) *Townsend v. GHI et al*, 1:13-CV-1599 (GTS/CFH) (closed on June 24, 2014 – dismissed for failure to submit an amended complaint);
4) *Townsend v. Public Storage, Inc*, 1:13-CV-1600 (TJM/TWD) (pending recommendation of dismissal with prejudice);
5) *Townsend v. L.T. Auto Transport, Inc*., 1:13-CV-1601 (MAD/CFH) (closed on Apr. 18, 2014 – dismissed with prejudice and without leave to replead due to jurisdictional deficiencies);
6) *Townsend v. Trustco Bank,* 1:13-CV-1602 (TJM/CFH) (closed on May 14, 2014 – dismissed because the applicable statute of limitations had expired);
7) *Townsend v. Dordofsky et al*., 1:13-CV-1603 (MAD/ATB) (closed on Apr. 18, 2014 – dismissed for lack of jurisdiction, improper venue, and failure to state a claim upon which relief could be granted);
8) *Townsend v. Parkland Mem. Hosp., et al.*, 1:13-CV-1604 (DNH/CFH) (closed on Feb. 21, 2014 – dismissed due to improper venue and failure to state a claim);
9) *Townsend v. Albany Cnty. Dep't of Soc. Servs., et al*., 1:13-CV-1605 (GTS/CFH) (closed on June 5, 2014 – dismissed due to failure to state a claim that is not time-barred);
10) *Townsend v. Pep Boys, Manny Moe and Jack*, 1:13-CV-1606 (MAD/RFT) (recommendation of dismissal pending);
11) *Townsend v. Solis*, 1:13-CV-1607 (MAD/CFH) (closed on Apr. 18, 2014 – dismissed due to improper venue, failure to state a claim, and because the defendant was entitled to absolute immunity).

In 2010, Plaintiff filed three cases on October 28, 2010, all of which were dismissed without service on Defendants:

1) *Townsend v. The Roman Catholic Diocese of Albany County et al*., 1: 10-CV-1303 (GLS/DRH) (closed on May 23, 2011 – dismissed for failure to submit an amended complaint that complied with pleading requirements);
2) *Townsend v. Solis*, 1:10-CV-1304 (GLS/DRH) (closed on Dec. 23, 2010 – dismissed based upon judicial immunity of the defendant);
3) *Townsend v. Dobbs et al*., 1:10-CV-1305 (GLS/RFT) (closed on Jan. 26, 2012 – dismissed for failure to file an amended complaint that complied with pleading requirements).

against a vexatious litigant." *Id.* Indeed, a Court may enjoin such a litigant on its own motion in order to protect the public and to ensure "efficient administration of justice." *Id.* As the Second Circuit noted, "we need not await the arrival of a litigant able to show private entitlement to relief. . . . A history of litigation entailing 'vexation, harassment and needless expense to [other parties' and 'an unnecessary burden on the courts and their supporting personnel' is enough." *Id.* (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982)). "'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation. *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (quoting *Abdullah v. Gatto*, 773 F.2d , 487, 488 (2d Cir. 1985)).

A court deciding whether to enjoin a vexatious litigant from filing another action should consider several factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

*Id.*

The Court finds that these factors weigh in favor of imposing an injunction at this time. Plaintiff filed a series of lawsuits that may or may not have the aim of harassing the defendants and clogging the court and it is not entirely clear what she intended. But the consequence of such massive filings, many of which are subject to dismissal, is vexatious, lacks objective good faith in prevailing, and pose unnecessary burden on the Court. Indeed, the time an energy spent in construing the eleven complaints that Ms. Townsend filed in one day is enough cause to impose an injunction on her.

Considering the nature of the cases filed with this District, we cannot be sure that she would be deterred from continuing on this path absent sanctions. But for Plaintiff having not been placed on notice that her conduct is worthy of sanction, as decisions from the Second Circuit Court of Appeals appear to require, an injunction would be recommended. *See generally In re Martin-Trigona*, 737 F.2d 1254; *Malley v. New York City Bd. of Educ.*, 112 F.3d 69 (2d Cir. 1997). Indeed, unlike the *Malley* plaintiff, Townsend has not been warned, prior to December 31, 2013, by this or any other court that her continued filing of frivolous claims could lead to sanctions that could include a filing injunction. The Court of Appeals in *Malley* was careful to emphasize the district court's warnings that failing to abide by the court's rulings could lead to sanctions against the plaintiff. Here, it is not clear that Plaintiff received such a warning, and hence Court declines recommending closing off even a portion of her access to the courts without providing proper notice.

**We warn Plaintiff that should she continue on this path of filing multiple, patently frivolous actions, the Court will use its inherent power and the power of Rule 11 of the Federal Rules of Civil Procedure to impose sanctions on her. Such sanctions could include, but are not limited to, dismissal of that case, as well as any other action filed by Plaintiff in this Court, fines, and an injunction prohibiting the filing of additional cases in this Court without prior approval by the Chief District Judge.**

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 3) is **denied**; and it is further

**RECOMMENDED**, that the entire Complaint be **dismissed**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(e).

**IT IS SO ORDERED**.

Date: August 27, 2014
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge