**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**NADINE V. TOWNSEND,**

                         **Plaintiff,**

    **vs.**                                                         **1:13-cv-1597
                                                                      (MAD/RFT)**

**LIBERTY MUTUAL FIRE INS. CO.;
LIBERTY MUTUAL INS.;
DR. GAYLE GLIDEWELL;
TEXAS WORKERS COMPENSATION
COMMISSION,**

                         **Defendants.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**NADINE V. TOWNSEND**
911 Central Avenue, #329
Albany, New York 12206
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

Plaintiff commenced this action *pro se*, along with ten other, separate actions, on December 31, 2013.[1] In the instant action, Plaintiff seeks partial summary judgment in a case previously filed in the United States District Court for the Northern District of Texas. *See* Dkt. No. 1.

In an August 27, 2014, Report-Recommendation and Order, Magistrate Judge Randolph F. Treece granted Plaintiff's application to proceed *in forma pauperis*, denied Plaintiff's motion to appoint counsel, and reviewed Plaintiff's initial filing, a "Declaration or Affidavit in Support of

---

[1] *See* Dkt. No. 4 at 7 n.1 (collecting cases).

Motion for Partial Summary Judgment." *See* Dkt. No. 4. Magistrate Judge Treece noted that to the extent Plaintiff seeks partial summary judgment in a matter filed in the Northern District of Texas in 2002, this Court does not possess the authority to grant such relief. *Id.* at 3. Construing Plaintiff's filing as an attempt to initiate a new action in this district, Magistrate Judge Treece then determined that Plaintiff's filing did not satisfy Fed. R. Civ. P. 8, the Court lacked subject matter jurisdiction, Plaintiff's claims appeared to be barred by any applicable statute of limitations, and venue in this district would be improper. As such, Magistrate Judge Treece recommended that the Court dismiss Plaintiff's action with prejudice. *See id.* at 7. Plaintiff has not objected to the Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, \*1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice

is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Treece's Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Treece correctly recommended that the Court should dismiss Plaintiff's action with prejudice. A review of Plaintiff's initial filing makes clear that it suffers from several deficiencies. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). An opportunity to amend, however, is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Here, Magistrate Judge Treece correctly recommended that the Court dismiss the action with prejudice because Plaintiff's initial filing is incomprehensible and seeks relief this Court cannot grant, the Court lacks jurisdiction, and venue would be improper; therefore, amendment would be futile.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's Report-Recommendation and Order (Dkt. No. 4) is **ADOPTED in its entirety** for the reasons stated therein**;** and the Court further

**ORDERS** that this action is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: September 29, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge